FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

May 12, 2016

Elisabeth A. Shumaker
Clerk of Court

RAYMOND WINGER, M.D.,

    Plaintiff - Appellant,

v.

MEADE DISTRICT HOSPITAL,

    Defendant - Appellee.

No. 15-3075
(D.C. No. 6:13-CV-01428-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.

    Dr. Raymond Winger sued his former employer, Meade District Hospital ("the Hospital"), under 42 U.S.C. § 1983 alleging certain due process violations related to his termination. The district court granted summary judgment in favor of the Hospital. Winger timely appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for further proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Winger began working at the Hospital in May 2013. According to his employment agreement, he was hired for an initial term of one year and could be terminated without cause on sixty days' notice or immediately for "good cause." One circumstance giving rise to "good cause" was failure to practice with the standard of care required of physicians in the community.

Not long after he started, the Hospital received complaints about Winger's practice. The Hospital's risk management committee conducted an investigation that involved two meetings with Winger and a third-party review of his care. At the conclusion of the investigation, the committee determined Winger had failed to practice with the expected standard of care and terminated his clinical privileges. Shortly thereafter, the Hospital terminated Winger's employment as well. The CEO met with Winger and gave him a letter stating that he was being terminated "with cause" for failure to meet the "standards of care required of physicians in the community." The letter also cited a provision of the Hospital bylaws stating temporary clinical privileges could be terminated at any time without any right to appeal. The Hospital reported Winger's termination to the Kansas State Board of Healing Arts, which in turn reported it to the National Practitioner Data Bank.

Winger brought this lawsuit, claiming the Hospital: (1) fired him without due process; and (2) infringed his liberty interest in his professional reputation by reporting his termination to the state board. On motion for summary judgment, the district court held that: (1) Winger failed to show he had a property interest in his

employment; (2) the Hospital was immune from liability on Winger's liberty interest claim and, regardless, Winger failed to show the Hospital infringed on that interest; and (3) even if Winger's claims were otherwise valid, the Hospital was not liable because Winger failed to show he was terminated pursuant to official policy or by an authorized policymaker. The district court granted summary judgment.

## II

"We review the district court's grant of summary judgment de novo." Felkins v. City of Lakewood, 774 F.3d 647, 650 (10th Cir. 2014). A party is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### A

Winger claims he had a constitutionally protected property interest in continued employment at the Hospital because his employment agreement imposed a substantive restriction on the Hospital's ability to terminate him—it could not terminate him immediately without "good cause." We agree.

Federal law provides a cause of action against any person who, under color of law, deprives a citizen of his constitutional rights. 42 U.S.C. § 1983.[1] However, because federal law does not create an underlying substantive right in continued employment, we look to state law as the source of the alleged right. Kingsford v. Salt Lake City Sch. Dist., 247 F.3d 1123, 1128 (10th Cir. 2001). In Kansas, an

---

[1] The parties agree the Hospital is a government actor for § 1983 purposes.

3

agreement that limits an employer's ability to terminate an employee without cause creates a property interest in continued employment.  See Kosik v. Cloud Cty. Comm. Coll., 827 P.2d 59, 63 (Kan. 1992) ("In Kansas, a public employee who can be discharged only 'for cause' has a property interest in continued employment.").[2] Winger's contract included both "[w]ith cause" and "[w]ithout cause" provisions. The Hospital could terminate him "without cause . . . upon giving sixty days written notice" or "immediately . . . for good cause."  There is no dispute that Winger was terminated under the latter provision rather than the former.

As we have previously explained, such a "hybrid" contract gives rise to a property interest. See Kelly v. Indep. Sch. Dist. No. 12, 80 F. App'x 36, 41 (10th Cir. 2003) (unpublished). In Kelly, the employee's contract permitted immediate termination for cause or termination without cause with thirty days' notice. Id. at 38. We held that the contract created "a legitimate claim of entitlement to thirty days of continued employment . . . unless and until the [employer] gave the required thirty days prior notice and the thirty-day period expired." Id. at 41.  Because Winger's employment was terminated with cause, Winger's employment agreement gave him a property interest in sixty days of continued employment.

---

[2] The district court distinguished this case because it was "based upon extra-contractual limitations" on the employer, but we see no meaningful distinction.  Both cases involve agreements that limit the employers' ability to terminate employees without cause.

The Hospital argues that, when read in conjunction with the hospital bylaws, the employment agreement allows the termination of temporary clinical privileges "at any time without eligibility for . . . procedural rights." But this bylaw provision refers only to termination of clinical privileges, not employment. And even if the bylaws clearly applied, "a [s]tate cannot diminish a property right, once conferred, by attaching less than generous procedure to its deprivation." See Town of Castle Rock v. Gonzales, 545 U.S. 748, 771 (2005).

Having concluded Winger possessed a property interest in continued employment, we ask whether the Hospital deprived him of it without due process. This is a question of federal law. See Kingsford, 247 F.3d at 1128. In the employment context, due process requires a hearing with: (1) oral or written notice of the charges; (2) an explanation of the evidence; and (3) "an opportunity for the employee to present his side of the story." Riggins v. Goodman, 572 F.3d 1101, 1108 (10th Cir. 2009). "A full evidentiary hearing is not required," but the employee must "be given notice and an opportunity to respond." Id. (quotation omitted).

Winger's meetings with the risk management committee may have satisfied these requirements, but the parties did not fully brief the issue and it appears there may be disputed facts regarding the notice provided, the nature of the meetings, and Winger's opportunity to defend himself. Because it is unclear from the record whether the Hospital gave Winger adequate process, we leave it to the district court

5

to resolve this issue in the first instance. See Elkins v. Comfort, 392 F.3d 1159, 1162 (10th Cir. 2004).[3]

## B

Winger next claims the Hospital infringed on his liberty interest in his professional reputation by reporting his termination to the state board. But as the district court noted, hospitals are required to report the termination of a physician's clinical privileges to the Board of Medical Examiners, see 42 U.S.C. § 11133(a)(1)(A), and may not be held liable for such reports "without knowledge of the falsity of the information contained in [them]," see § 11137(c). Winger identifies only one piece of evidence suggesting the Hospital reported false information: the Hospital claimed it gave the board all the records in its possession, but one of Winger's notes was missing. Because Winger has not demonstrated any facts from which a rational trier of fact could conclude "knowledge of the falsity" of the reports, the district court properly concluded that the Hospital is entitled to summary judgment on this claim.

## III

---

[3] Under § 1983, a government organization is liable for its own actions, but not for unauthorized actions by its employees. Seifert v. Unified Gov't of Wyandotte Cty., 779 F.3d 1141, 1159 (10th Cir. 2015). An organization is responsible only for actions by: (1) employees complying with official policies or customs or (2) final policymakers. Id. Winger was terminated by the CEO of the Hospital. The Hospital does not claim the CEO exceeded his authority or failed to comply with official policy. Rather, it argues the employment agreement and bylaws authorized the CEO to terminate Winger the way he did. Even if the CEO was not a final policymaker, there appears to be no genuine dispute that he followed the official policy or custom of the Hospital, rendering it liable for his potential violations. Id.

We **AFFIRM** the part of the district court's order granting summary judgment on Winger's liberty interest claim, but **REVERSE** the grant of summary judgment on his property interest claim. We **REMAND** this case for additional proceedings consistent with this Order and Judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | May 12, 2016 | Chris Wolpert<br>Chief Deputy Clerk |

Mr. Sean M. McGivern
Mr. Donald N. Peterson II
Withers Gough Pike Pfaff & Peterson
200 West Douglas, Suite 1010
Wichita, KS 67202-0000

**RE:   15-3075, Winger v. Meade District Hospital**
Dist/Ag docket: 6:13-CV-01428-JTM

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 12 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc: Mark Allen Kanaga
    Alan L. Rupe

EAS/sls